Mary Hersey McCarthy

  v.           Civil No. 16-cv-081-LM
               Opinion No. 2017 DNH 118

WPB Partners, LLC


**O R D E R**


  Mary Hersey McCarthy originally brought this lawsuit in
state court, alleging eight claims against WPB Partners, LLC
("WPB") that arose from WPB's foreclosure and sale of McCarthy's
mortgaged property.  WPB removed the case to this court and
filed a motion to dismiss five of McCarthy's eight claims, which
the court granted.  See doc. no. 10.  McCarthy filed an amended
complaint asserting three claims, and WPB asserted two
counterclaims against McCarthy, alleging that she breached the
promissory note and the mortgage.  McCarthy moves for summary
judgment on her claim that WPB breached the mortgage (Count I)
and on WPB's counterclaims.  WPB objects to the motion for
summary judgment.

**STANDARD OF REVIEW**

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the record, the court construes all facts and reasonable inferences in the light most favorable to the nonmovant. Kelley v. Corr. Med. Servs., Inc., 707 F.3d 108, 115 (1st Cir. 2013).

**BACKGROUND**

Through a promissory note dated December 21, 2006, McCarthy, whose name was then Mary Hersey, borrowed $350,000 from Investment Realty Funding, Inc. and signed a mortgage the same day to secure the loan. The mortgaged property was undeveloped land on Mirror Lake in Tuftonboro, New Hampshire. WPB acquired the note and mortgage in August 2009 after Investment Realty filed for bankruptcy protection.

Under the terms of the note, the loan of $350,000 was subject to an interest rate of 16.5%, with monthly payments of interest for three years. At the end of the three-year period, the entire balance became due, and the interest rate rose to 19.5%. In the event of late payments, a late charge of 10% of the amount overdue would be assessed.

When the note matured on December 21, 2009, WPB demanded payment.  McCarthy failed to pay, and WPB began foreclosure proceedings.  The foreclosure sale was scheduled for October 22, 2010.

I.  Previous Litigation Regarding the Foreclosure

On October 4, 2010, McCarthy filed an action in state court seeking an accounting from WPB and an ex parte temporary restraining order to prevent the foreclosure sale.  The court did not enter the temporary restraining order to stop the foreclosure sale because that order would have expired on October 20, before the scheduled sale on October 22.  Instead, the court ordered service on WPB and scheduled a hearing for October 20.  Following the hearing, the court ruled that McCarthy had shown a likelihood of success on her claim that the lender (Investment Realty) breached the loan agreement and granted a preliminary injunction to stop the foreclosure sale.

WPB removed the case to federal court on October 25 and moved to dismiss McCarthy's claims.  See Hersey v. WPB Partners, LLC, 10-cv-486-LM (D.N.H. 2010).  In response to the motion to dismiss, McCarthy acknowledged that she had not alleged facts sufficient to support several of her claims, including her claims for breach of contract, violation of RSA 397-A, or predatory lending.  The court determined that it lacked

jurisdiction over the case because the amount in controversy for McCarthy's claims seeking injunctive relief and an accounting did not meet the jurisdictional requirement of 28 U.S.C. § 1332(a). For that reason, on February 9, 2011, the court remanded the case to state court pursuant to 28 U.S.C. § 1447(c) and closed the case.

Back in state court, McCarthy moved to amend her complaint, and WPB moved for leave to file a counterclaim. The state court granted both motions, allowing McCarthy to add some but not all of the claims she sought leave to add, and allowing WPB to bring a counterclaim for breach of contract based on the note. On April 29, 2011, WPB again removed the case to federal court because, in light of McCarthy's amended complaint and its counterclaim, the amount in controversy exceeded the jurisdictional requirement of § 1332(a). See Hersey v. WPB Partners, LLC, 11-cv-207-SM (D.N.H. 2011).[1]

Once back in federal court, McCarthy requested and was granted leave to file a second amended complaint, in which she sought a temporary injunction against the foreclosure sale and alleged claims for violation of Massachusetts General Laws Ch.

---

[1] Although this was the second time McCarthy's case had reached federal court, because the first case was remanded before there were any substantive filings in that case, the court will refer to Hersey v. WPB Partners, LLC, 11-cv-207-SM as "McCarthy I."

4

255E (Count I); violation of the Massachusetts usury law, ch.
271:49 (Count II); violation of RSA 397-A and the Real Estate
Settlement Procedures Act, 12 U.S.C. § 2601, et seq. (Count
III); and breach of contract based on both the note and mortgage
(Count IV).  WPB moved to dismiss the second amended complaint.
On September 6, 2011, while the motion to dismiss was pending,
McCarthy filed a notice that she had filed for bankruptcy relief
under Chapter 13 in the bankruptcy court for the District of New
Hampshire.  See In re Mary Hersey McCarthy, 11-13342-JMD (Bankr.
N.H. Apr. 6, 2012) (hereinafter, the "Bankruptcy Action").

     On December 5, 2011, the court in McCarthy I issued an
order acknowledging that under 11 U.S.C. § 362, the case was
automatically stayed in light of the Bankruptcy Action.  See
McCarthy I, doc no. 30. The court ordered the bankruptcy trustee
to file a motion for substitution of party or another
appropriate pleading by January 13, 2012, or the claims would be
dismissed for failure to prosecute.  On January 18, 2012, after
the bankruptcy trustee had failed to submit a filing within the
time allowed, the McCarthy I court dismissed McCarthy's claims
for failure to prosecute.  See id., doc. no. 31.

     On April 6, 2012, the court in the Bankruptcy Action
granted WPB's motion for relief from the automatic stay for the
purpose of permitting the case in McCarthy I to proceed.  In its
order granting the motion, the bankruptcy court noted that the

relief from the stay was "limited to that relief necessary to resolve the matters raised in that case, including determining the validity of Movant's mortgage and the amount, if any due thereunder." Bankruptcy Action, doc. no. 93, filed in McCarthy I, doc. no. 33-1.

On April 10, 2012, WPB moved in McCarthy I to reopen the case in light of the bankruptcy court's order granting WPB relief from the stay. The court in McCarthy I granted the motion to reopen the case. After first denying McCarthy's motion to reinstate her four claims asserted in the second amended complaint, the court reinstated the claims in light of the bankruptcy trustee's decision to abandon the property.

On January 29, 2013, WPB moved to dismiss all of McCarthy's claims, and McCarthy objected. The court granted WPB's motion as to Counts I, III, and IV, but denied the motion as to Count II, the usury claim. WPB then filed an answer to McCarthy's second amended complaint.

On October 22, 2013, WPB moved for summary judgment on McCarthy's remaining usury claim and filed a separate motion for summary judgment on its counterclaim for breach of contract based on the note.[2] McCarthy objected to both motions.

---

[2] WPB had asserted the counterclaim in state court prior to removing the case to federal court.

On February 11, 2014, the court issued an order that granted WPB's motions for summary judgment on both McCarthy's usury claim and WPB's counterclaim for breach of contract. With respect to the damages due on WPB's counterclaim, the court explained as follows:

> During the pretrial conference held on February 7, 2014, the court disclosed its intention to grant defendant's motions for summary judgment. Following a discussion with respect to the existence of any material dispute related to calculating the liquidated damages amount, the parties agreed that the amount of $443,443.03, as of September 6, 2011 (a date contemporaneous with the filing of the bankruptcy petition) would be appropriate. That amount represents a calculation decidedly in plaintiff's favor, and an amount based in substantial part on plaintiff's own expert's opinion. By agreeing to entry of judgment in that amount, less than it reasonably could expect, defendant pragmatically recognized that the property's value is substantially less than the judgment amount, and no useful purpose would be served by the expenditure of additional time and resources to arrive at a higher, more accurate, but unimportant figure.

McCarthy I, doc. no. 64 at 4-5. The court concluded: "Judgment is entered in favor of defendant on its counterclaim for breach of contract, and liquidated damages in the amount of $433,433.03 is awarded."[3] Id. at 5.

---

[3] Although the court stated in the body of the summary judgment order that the liquidated damages were $443,443.03, in the conclusion the court awarded $433,433.03. Judgment entered for $433,433.03. Neither party moved to correct the amount in the judgment, and both parties use the $433,433.03 amount stated in the judgment.

McCarthy appealed, and moved for a stay of the order awarding damages to WPB pending appeal. The court denied the motion to stay. The First Circuit Court of Appeals affirmed the judgment on February 12, 2015, and the mandate issued on March 9, 2015.

On April 3, 2015, the bankruptcy court dismissed the Bankruptcy Action. On May 12, 2015, WPB moved in McCarthy I for a post-judgment attachment on all of McCarthy's property that would be liable for execution to secure the judgment WPB had been awarded in the case. In support, WPB explained that it had conducted a foreclosure sale of McCarthy's property and that WPB was the highest bidder on the property in the amount of $500,000. Despite that recovery, WPB stated that its judgment was not satisfied because McCarthy owed WPB an additional amount, $257,486.79, which represented costs and expenses WPB had incurred as of March 20, 2015, for the foreclosure proceeding and for interest and attorneys' fees accruing during the litigation and after judgment.

The court denied WPB's motion for an attachment. See McCarthy I, doc. no. 91. The court explained that judgment had been entered in WPB's favor "in a liquidated amount which was 'less than [defendant] reasonably could expect,' but which defendant 'pragmatically' accepted or stipulated to nevertheless, resulting in entry of judgment for that amount."

Id. The court stated that WPB's theory that the liquidated damages award was the amount due as of September 6, 2011, was "entirely incorrect." Instead, the court explained, the amount awarded "was the amount due upon filing of the bankruptcy petition, and the amount defendant's counsel specifically agreed to accept as the judgment amount in lieu of proving up damages at the time summary judgment was entered." Id. The court concluded that "[i]t is far too late for counsel or defendant to reconsider that reasonable choice." Id. WPB did not seek clarification of the decision or appeal.

II. The Instant Litigation

On January 12, 2016, McCarthy brought suit against WPB in state court, alleging eight claims that challenged the foreclosure sale and seeking to recover the difference between the judgment amount of $433,433.03 in McCarthy I and the sale price of the property, $500,000.00. WPB removed the case to this court, and moved to dismiss five of McCarthy's eight claims. The court granted the motion, dismissing McCarthy's claims for violation of RSA 358-C, violation of RSA 358-A, violation of the Fair Debt Collection Practices Act, negligent misrepresentation, and enhanced compensatory damages (Counts IV through VIII). WPB then filed its answer and asserted two counterclaims for breach of contract based on the note and

mortgage, seeking interest, costs, and fees in Counterclaim I
and foreclosure costs, real estate taxes, and attorneys' fees in
Counterclaim II.[4]  McCarthy moves for summary judgment on her
breach of contract claim (Count I) and WPB's two counterclaims
for breach of contract.

## DISCUSSION

In support of her motion for summary judgment, McCarthy
contends that the judgment for $433,433.03 in McCarthy I
requires judgment as a matter of law on WPB's two breach of
contract counterclaims and her breach of contract claim.  More
specifically, McCarthy asserts, based on the doctrines of res
judicata and collateral estoppel, that the judgment in McCarthy
I established the full amount of damages WPB is entitled to
recover for breach of the "loan instruments," which bars WPB
from claiming any additional damages for breach of the note and
mortgage.  McCarthy also contends that WPB breached the mortgage
by failing to pay her the difference between the prior judgment

_____

[4] In its objection to summary judgment, WPB notes that
McCarthy did not file a response to WPB's answer and
counterclaims in this action.  WPB goes on to state:  "Assuming
the Court will either overlook this oversight or regard
Plaintiff's motion, however tardy, as a sufficient response, WPB
will address the substance of Plaintiff's Motion."  Doc. no. 20
at 11.  Because WPB did not move for entry of default and
McCarthy's motion for summary judgment shows her intent to
defend against the counterclaim, entry of default is not
appropriate at this time.  See Fed. R. Civ. P. 55(a).

amount and the amount received in the foreclosure sale.  WPB
objects, arguing that the prior judgment does not bar its
counterclaims or support judgment in McCarthy's favor on her
breach of contract claim.

I.  Preclusion Standards

The preclusive effect of a judgment issued by a federal
court with diversity jurisdiction is governed by federal common
law.  Medina-Padilla v. U.S. Aviation Underwriters, Inc., 815
F.3d 83, 86 (1st Cir. 2016) (citing Semtek Int'l Inc. v.
Lockheed Martin Corp., 531 U.S. 497, 508 (2001)).  "The
appropriate rule under federal common law is 'the law that would
be applied by state courts in the State in which the federal
diversity court sits' unless that rule would be 'incompatible
with federal interests.'"  Id. (quoting Semtek, 531 U.S. at 508-
09).  The parties make no argument that New Hampshire's rules of
claim and issue preclusion are incompatible with federal
interests.  See, e.g., Marquis v. JPMorgan Chase Bank, N.A., No.
16-cv-200-JD, 2016 WL 3676195, at *2 (D.N.H. July 6, 2016).

Under New Hampshire law, whether claim or issue preclusion
applies is a question of law.  412 S. Broadway Realty, LLC v.
Wolters, 169 N.H. 304, 313 & 314 (2016).  Parties are precluded
by the doctrine of claim preclusion, or res judicata, "from
relitigating matters actually litigated and matters that could

have been litigated in the first action if three elements are met." Id. at 313. The three elements are: "(1) the parties are the same or in privity with one another; (2) the same cause of action was before the court in both instances; and (3) the first action ended with a final judgment on the merits." Merriam Farm, Inc. v. Town of Surry, 168 N.H. 197, 199-200 (2015) (internal quotation marks omitted).

The doctrine of collateral estoppel, or issue preclusion, "bars a party to a prior action, or a person in privity with such party, from relitigating any issue or fact actually litigated and determined in the prior action." 412 S. Broadway, 169 N.H. at 314 (internal quotation marks and citation omitted). Collateral estoppel applies when the following requirements are met:

> (1) the issue subject to estoppel is identical in each action; (2) the first action resolved the issue finally on the merits; (3) the party to be estopped appeared in the first action or was in privity with someone who did; (4) the party to be estopped had a full and fair opportunity to litigate the issue; and (5) the finding at issue was essential to the first judgment.

Id. (internal quotation marks and citation omitted). There is no dispute that the parties were the same in the prior action and in this action.

II.  <u>Breach of the Note</u>

In its first counterclaim, WPB alleges that McCarthy breached the terms of both the note and mortgage by failing to "to pay the interest, costs and fees due under the note and mortgage."  Doc. no. 17 at ¶ 75.  In the second counterclaim, WPB alleges that McCarthy contracted "to pay foreclosure costs and reasonable legal charges when such services were utilized for collecting the debt, realizing upon the security and defending any action against the holder, Defendant WPB, relating to the promissory note."  <u>Id.</u> at ¶ 78.  WPB alleges that McCarthy breached the note by failing to pay WPB "the foreclosure costs, the real estate taxes on the mortgaged property, and the reasonable legal charges utilized for collecting the debt, realizing upon the security, and defending this action brought by Plaintiff."  <u>Id.</u> at ¶ 80.

In <u>McCarthy I</u>, WPB brought a counterclaim for breach of contract based on the note.  In that case, WPB alleged that McCarthy breached the note by failing to make payments pursuant to the terms of the note.  WPB sought damages for the amount due and "including interest, costs and attorneys [sic] fees."  WPB then agreed to liquidated damages on the counterclaim in the amount of $433,433.03.

As discussed above, after judgment was entered in <u>McCarthy I</u> awarding WPB $433,433.03 in damages and WPB conducted the

foreclosure sale, WPB sought an attachment on McCarthy's property for "the balance" of damages due for breach of the note, in the amount of $257,486.79. Those damages represented the costs and expenses WPB had incurred as of March 20, 2015, for the foreclosure proceeding and for interest and attorneys' fees accruing during the litigation and after judgment. The court in McCarthy I denied the motion for an attachment because the liquidated damages awarded in the judgment, $433,433.03, included all damages that WPB claimed and could have claimed for breach of the note.

McCarthy contends that the judgment in McCarthy I precludes WPB's counterclaims for breach of contract based on the note here. WPB objects, arguing that it did not intend to agree to $433,433.03 as the limit of its damages for breach of the note because some of the damages had not occurred when that amount was determined and judgment was entered. Instead, WPB urges, that amount represented damages only from the date of default to the date McCarthy declared bankruptcy on September 6, 2011, or, alternatively, the amount owed when judgment was entered on February 11, 2014.

Contrary to WPB's interpretation of the judgment in McCarthy I, the court in that case made it clear that in denying the motion for a post-judgment attachment the liquidated damages awarded in the judgment included all damages WPB could seek for

breach of the note.[5]  WPB did not move for reconsideration of the post-judgment attachment order, did not seek to reopen the case to clarify the scope of the liquidated damages awarded in the judgment, and did not appeal the order.  Therefore, the judgment of liquidated damages for breach of contract based on the note in the prior case precludes the same claim, between the same parties, for the same damages here.[6]  WPB's counterclaims for breach of the note, seeking damages for interest, costs, and fees, are precluded by the judgment in the McCarthy I.[7] Therefore, McCarthy is entitled to summary judgment on both of WPB's counterclaims, to the extent they are based on a theory that McCarthy is liable for damages for breach of contract based on the note.

_____

[5] Although WPB argues that its former counsel's recollection of counsel's discussions with the court and counsel's intent in agreeing to liquidated damages should govern the meaning of the court's order, it cites no case or authority of any kind to support that theory.

[6] WPB argues that because it is seeking damages for a different time period it is alleging a different claim for breach of the note.  As discussed, however, that argument is based on a misunderstanding of the judgment in McCarthy I.

[7] WPB argues that only the order denying the motion for an attachment in McCarthy I holds that the liquidated damages covered all damages recoverable for breach of the note and that the attachment order is not a final judgment that could have preclusive effect.  As such, WPB misunderstands the import of the attachment order.  In the attachment order, Judge McAuliffe clarified the meaning of the judgment that awarded liquidated damages.  Therefore, it is the judgment, as clarified by the attachment order, that has preclusive effect.

III.  <u>Breach of the Mortgage</u>

McCarthy alleges in this case that WPB breached the terms of the mortgage by failing to pay her the difference between the amount of the judgment in <u>McCarthy I</u>, $433,433.03, and the amount paid for the mortgaged property in the foreclosure sale, $500,000.00.  WPB's first counterclaim alleges that McCarthy breached the mortgage by failing to pay WPB "the interest, costs and fees" due under the mortgage.[8]  The viability of both McCarthy's claim and WPB's counterclaim turns on the preclusive effect of the judgment in <u>McCarthy I</u>.

In support of her claim that WPB breached the mortgage, McCarthy relies on the following provision in the mortgage:

> The proceeds of the sale [conducted pursuant to the statutory power of sale] shall be applied in the following order:  (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

Doc. no. 20-3 at ¶ 22.  McCarthy contends that WPB is barred by the judgment in <u>McCarthy I</u> from claiming any additional amounts due under the mortgage and, therefore, that WPB owes her the difference between the $433,433.03 awarded previously and the $500,000.00 foreclosure sale price.

_____

[8] WPB's second counterclaim references only the note, and for that reason, does not state a claim for breach of contract based on the mortgage.

16

In response, WPB contends that the prior judgment amount of $433,433.03 provided damages only on its counterclaim in McCarthy I for breach of the note, not for McCarthy's breach of the mortgage.  WPB also argues that the judgment was limited to the amount due either at the time of the bankruptcy filing on September 6, 2011, or at the time the judgment entered.  WPB contends that the prior judgment, on its counterclaim in McCarthy I alleging breach of contract based on the note, does not preclude its first counterclaim here that McCarthy breached the mortgage by failing to pay WPB "the interest, costs and fees" due under the mortgage.

In McCarthy I, WPB brought a counterclaim against McCarthy for breach of contract based on the note, alleging that McCarthy had not paid the balance owed on the note, which was $383,092.10 as of December 30, 2009.  WPB alleged damages to include the balance due, and interest, costs, and attorneys' fees.  The note provides that McCarthy agreed to pay "foreclosure costs and reasonable legal charges when such services are utilized for collecting the debt, realizing upon the security and defending any action against [WPB] relating to this Note."  Doc. no. 20-2 at 1.

Because the note and the mortgage are different contracts, albeit related, a claim for breach of the mortgage is not necessarily the same claim as breach of the note.  See, e.g.,

*Nationstar Mortg., LLC v. Nelson*, 2:14-cv-00507-JDL, 2016 WL 5720710, at *5-7 (D. Me. Oct. 3, 2016); *First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 423 (N.J. 2007). Although res judicata, or claim preclusion, under New Hampshire law also applies to claims that were not, but could have been, raised in the prior action, it is unclear whether WPB could have brought a claim for breach of contract based on the mortgage in McCarthy I, as that claim is based solely on seeking damages incurred in proceeding with the foreclosure.

The court need not determine whether res judicata bars WPB's counterclaim for breach of contract based on the mortgage, however, because issue preclusion, or collateral estoppel, does apply here. In the prior action, the court determined that WPB was entitled to $433,433.03 in liquidated damages as compensation for the amount owed on the note and interest, attorneys' fees, and other expenses paid by WPB. Here, WPB seeks fees, interest, and costs for breach of the mortgage. WPB also asserts that it is not obligated to pay McCarthy the difference between $433,433.03 and $500,000.00 because McCarthy owes the fees, interest, and expenses that have accrued since September 6, 2011.

The liquidated damages award in McCarthy I, although based on WPB's claim of breach of contract based on the note, included all of the additional damages WPB claims here for breach of the

18

mortgage (i.e., damages arising out of proceeding with the foreclosure).  The damages award was final and was essential to resolution of the prior case.  WPB contends that it did not have a full and fair opportunity to litigate the damages issue because some of the damages it now claims had not been incurred when judgment entered in the prior case.  WPB did raise those damages, however, in its motion for a post-judgment attachment and the court explained that those damages were included in the prior judgment.  WPB had an opportunity to challenge that decision in the prior case but elected not to file either a motion to reconsider or an appeal.  WPB cites no authority to support the court's jurisdiction to review and overturn a prior judgment issued in this court.

Therefore, WPB is precluded by the judgment in McCarthy I from relitigating the amount of damages due for McCarthy's breach of the mortgage.  WPB is also precluded by the prior judgment from demanding any additional payments from McCarthy under the mortgage.

IV.  Claims and Counterclaims

Under paragraph 22 of the mortgage, WPB is obligated to pay McCarthy the difference between $433,433.03, the amount that McCarthy owed under the security instruments pursuant to the judgment in McCarthy I, and $500.000.00, the proceeds WPB

19

received from the foreclosure sale of McCarthy's property.  The judgment in <u>McCarthy I</u> precludes WPB from recovering under the note or the mortgage any additional fees it incurred in proceeding with the foreclosure.  Therefore, McCarthy is entitled to summary judgment in her favor on Count I, her claim that WPB breached the mortgage by failing to pay her the difference between $433,433.03 and $500.000.00 as required by paragraph 22 of the mortgage.  McCarthy is also entitled to summary judgment in her favor on WPB's counterclaims for breach of contract based on the note and mortgage, Counterclaim I and Counterclaim II.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment (doc. no. 18) is granted.  Summary judgment is entered in plaintiff's favor on Count I of the amended complaint (doc. no. 14) and on defendant's counterclaims, Counterclaim I and Counterclaim II, in the answer (doc. no. 17).

The claims remaining in the case are plaintiff's claims for breach of the duty of due diligence (Count II) and breach of the duty of good faith (Count III).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 13, 2017

cc:  James E. Higgins, Esq.
     Paul B. Kleimann, Esq.
     Sabin R. Maxwell, Esq.